Fazekas' Estate

*P. E. Kilcullen* and *C. M. O'Malley*, for proponent.
*David Landau*, for appellants.

SANDO, P. J., August 22, 1934.—The petitioners, Ethel Palla and Dorothy Bellen, children of the decedent, set forth the material facts upon which they base their appeal. In their petition they aver, believe and expect to prove that the paper writing probated, in controversy, was not made and signed by the decedent in the manner required by law; that the decedent was not, at the time of the alleged signing and making of said paper writing of sound and disposing mind, memory and understanding and capable of making a will; and, that the controverted paper was procured by undue influence, duress and constraint practiced upon said decedent by Rose Laytos, named in the testamentary paper as the principal legatee and sole devisee of his estate.

All the parties in interest have been warned of the pending appeal.

For grounds for this proceeding it is alleged on behalf of Rose Fazekas Laytos that the petition for citation sur appeal from the register in probating the testamentary paper in question avers conclusions of law, is vague, indefinite and uncertain, and does not present evidence upon which respondent can make an answer.

The petition sets forth on record the grounds of the appeal, so that the proponents of the alleged will, and the persons entitled thereunder may be informed of the nature and character of the attack they will be obliged to defend. It need not contain a summary of the evidence.

The object to be sought for is the truth, and to attain this, mere surplusage, informality and technicality of pleading are no obstacle.

A final determination of the controversy cannot be reached, except upon testimony to be produced in support of the petition, and such counter testimony as may be presented by the respondents.

As the hearing is de novo before the court, the proponent has notice that, in the first instance, the onus is upon her to show that the paper writing should be admitted to probate as the last will and testament of the decedent, and that at the time he was mentally competent to execute the same.

And now, August 22, 1934, the motion to dismiss citation sur appeal from register is denied and dismissed.